CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 13 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD OGBURN, <br> Petitioner, | Civil Action No. 7:06CV00192 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES PAROLE <br> COMMISSION, et al., <br> Respondents. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

The petitioner, Harold Ogburn, a District of Columbia Code offender, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Ogburn is in federal custody pursuant to a warrant issued by the United States Parole Commission for violating the conditions of his parole. In his petition, Ogburn alleges that the Parole Commission violated his right to receive a timely parole revocation hearing. The petition is presently before the court on the respondents' motion to dismiss. For the reasons set forth below, the court will grant the respondents' motion.

### BACKGROUND

In 1976, the Superior Court for the District of Columbia sentenced Ogburn to a total term of imprisonment of twenty-eight years for burglary and robbery. Ogburn was released on parole on August 26, 1985. He was ordered to remain under supervision until August 4, 2004.

Ogburn's parole was subsequently revoked on two separate occasions. On September 30, 1998, Ogburn was again released on parole. He was ordered to remain under supervision until May 6, 2007.

On December 12, 2000, Charles B. Wade, Jr., the community supervision officer assigned to Ogburn, advised the United States Parole Commission[1] that Ogburn had again violated conditions of his parole. Specifically, Wade noted that Ogburn had failed to report for several office visits, and that Ogburn had failed to fully cooperate with individuals responsible for his supervision.

On February 5, 2001, the Parole Commission issued a parole violator warrant. The Parole Commission charged Ogburn with failing to report to his supervision officer as directed. On December 4, 2001, the Parole Commission was advised that the parole violator warrant had been lodged as a detainer with authorities in Richmond, Virginia.

On April 17, 2002, United States Probation Officer Jennifer D. Lyerly informed the Parole Commission that Ogburn was convicted of possession with intent to distribute cocaine in the Circuit Court for the County of Arlington on July 20, 2001, and that he received a term of imprisonment of ten years, with four years and three months suspended. The Parole Commission subsequently supplemented the parole violator warrant to include a charge related to this conviction.

After Ogburn filed the instant petition on March 3, 2006, the Parole Commission learned that the parole violator warrant had been executed on April 11, 2005.[2] On May 1,

---

[1] The United States Parole Commission assumed responsibility for making parole decisions involving D.C. Code offenders, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

[2] The Parole Commission apparently failed to receive proper notification at the time the warrant was executed.

2

2006, the Parole Commission requested that the Federal Bureau of Prisons designate Ogburn to a federal institution, so that he could receive a revocation hearing as soon as possible. In response, Ogburn was transferred to the Federal Detention Center in Philadelphia, Pennsylvania on May 22, 2006.

On May 23, 2006, the Parole Commission advised Ogburn that he was eligible for an expedited revocation procedure, by which he could accept responsibility for his violations, waive his right to a revocation hearing, and consent to revocation on the record. See 28 C.F.R. § 2.66. If Ogburn agreed to the expedited revocation proposal, the Commission offered to reparole him on September 9, 2006.

On May 25, 2006, Ogburn accepted the Parole Commission's expedited revocation proposal. That same day, the Parole Commission issued a notice of action that corresponded with the proposal.

## DISCUSSION

It is well established that a parolee has the right to a revocation hearing within a reasonable time after the parolee is taken into custody. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). The applicable federal regulation provides that an "institutional revocation hearing shall be scheduled for a date that is within ninety days of the parolee's retaking." See 28 C.F.R. § 2.101(e).

In this case, the parole violator warrant was executed on April 11, 2005. At the time Ogburn filed the instant petition, he had been in custody over ten months without receiving a revocation hearing. While this delay clearly violated 28 C.F.R. § 2.101(e), and was likely unreasonable under Morrissey, I agree with the respondents that Ogburn's claim was rendered moot by his acceptance of the expedited revocation proposal.

3

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Here, the appropriate remedy for a delayed revocation hearing is for the court to compel the Parole Commission to hold the hearing. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Sacasas v. Rison, 755 F.2d 1533, 1535-1536 (11th Cir. 1985); Berg v. U.S. Parole Commission, 735 F.2d 378, 379 n.3 (9th Cir. 1984). Because Ogburn recently waived his right to a revocation hearing and chose to consent to revocation on the record, such relief is no longer necessary. As a result, Ogburn's petition must be dismissed as moot.[3]

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

**ENTER**: This 13th day of July, 2006.

Senior United States District Judge

---

[3] The court notes that even if Ogburn had not accepted the expedited revocation proposal, he would still not be entitled to habeas relief, since he has failed to allege any prejudice resulting from the delay. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Hanahan v. Luther, 693 F.2d 629, 635 (7th Cir. 1982); Page v. United States Parole Commission, 651 F.2d 1083, 1087 (5th Cir. 1981).

4